UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-80727-CV-MIDDLEBROOKS

OLGA PYRINOVA, an individual, on
behalf of herself and others similarly
situated,

    Plaintiff,

v.

LENNAR CORPORATION, a foreign
corporation, and LENNAR HOMES LLC, a
Florida limited liability company,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE comes before the Court upon Defendants' Motion to Compel Arbitration and Dismiss the Action, filed July 16, 2018. (DE 17). Plaintiff filed a response opposing Defendants' Motion on July 24, 2018. (DE 25). Defendants filed a reply on July 30, 2018. (DE 26). For the reasons set forth below, Defendants' Motion is granted.

### I.    BACKGROUND

Plaintiff Olga Pyrinova filed this lawsuit against her former employers, Defendants Lennar Corporation and Lennar Homes LLC (collectively, "Lennar"), on June 6, 2018, for violations of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* ("FLSA"). (DE 1). Plaintiff alleges that, while employed by Defendants in the three years before the Complaint was filed, Defendants failed to keep records of the hours that Plaintiff worked and failed to pay Plaintiff overtime compensation, both in violation of the FLSA. (*Id.* ¶¶ 6–7).

1

Lennar moves to compel arbitration of Plaintiff's claims, arguing that their Dispute Resolution—Mediation & Arbitration Policy ("ADR Policy") was given to Plaintiff as part of Lennar's Associate Reference Guide. (DE 17 at 1–3). Plaintiff allegedly acknowledged and signed the ADR Policy at least three times during her employment with Lennar. (DE 26 at 1, n.1). According to its terms, the ADR Policy governs "all disputes arising from or related to an Associate's employment with the Company, including but not limited to, disputes relating to . . . compensation." (DE 17-1 at 7). Plaintiff argues that the ADR Policy is not binding on her because it is unconscionable and because it excludes collective actions. (DE 25 at 1).

## II.     LEGAL STANDARD

In considering this Motion, the Court applies the federal substantive law of arbitrability, which applies to any arbitration agreement within the coverage of the Federal Arbitration Act ("FAA"). *See Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)). The FAA covers any written agreement in "a contract evidencing a transaction involving commerce" to settle disputes or controversies by arbitration. 9 U.S.C. § 2. It is undisputed here that the ADR Policy is covered by the FAA.

The FAA strongly favors arbitration. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014). It dictates that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When reviewing a motion to compel arbitration, "district courts consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." *Mackler v. Fitness Int'l, LLC*, No. 16-80150-CIV-DMM, 2016 WL 7756623, at *2 (S.D. Fla.

Apr. 22, 2016). In determining whether an arbitration agreement is an enforceable contract, state law governs. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). "The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

### III. DISCUSSION

Plaintiff argues that the ADR Policy should not compel her to arbitrate for two reasons: first, the ADR Policy is invalid because it is unconscionable and, second, collective actions are excluded from the scope of the arbitration agreement. (DE 25 at 1). Both of these arguments misconstrue the terms of the ADR Policy.

#### A. Unconscionability

Plaintiff first argues that the ADR Policy is unconscionable because it impermissibly shortens the statute of limitations under the FLSA. (DE 25 at 4). In order to avoid enforcement of the terms of an arbitration agreement on the basis of unconscionability in Florida, a party must show substantive and procedural unconscionability. *Basulto v. Hialeah Auto.*, 141 So.3d 1145, 1158–59 (Fla. 2014). To determine procedural unconscionability, "a court must look to the circumstances surrounding the transaction to determine whether the complaining party had a meaningful choice at the time the contract was entered." *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So.2d 278, 284 (Fla. Dist. Ct. App. 2003) (quotations omitted). "To determine whether a contract is substantively unconscionable, a court must look to the terms of the contract, itself, and determine whether they are so outrageously unfair as to shock the judicial conscious." *Id.* at 284–85 (quotations omitted). The burden is on the party claiming unconscionability and seeking to avoid the enforcement of the arbitration agreement to provide evidence sufficient to support that claim. *Id.* at 288.

Plaintiff's argument is that the ADR Policy is substantively unconscionable because it shortens the statute of limitations under the FLSA. The FLSA provides a two-year statute of limitations for wage claims and a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). "Each failure to pay overtime constitutes a *new* violation of the FLSA," so claims under the FLSA accrue each time an employer issues a check in violation of the FLSA. *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994) (emphasis in original).

According to Plaintiff, there are two ways that the ADR Policy shortens the statute of limitations for FLSA claims. First, the ADR Policy requires that parties submit their dispute to mediation before commencing arbitration. (DE 17-1 at 7). According to the mediation procedure, the parties must exchange a written list of proposed mediators within fifteen business days of the receipt of the initiating party's request for mediation. (*Id.*). If the parties cannot agree to a mediator within thirty days of the mediation request, the American Arbitration Association ("AAA") will administer the mediation and will designate a qualified mediator. (*Id.*). Plaintiff asserts that the mediation process thus takes at least forty-five days,[1] during which time an employee's claims might accrue. (DE 25 at 5). Plaintiff argues that, because an employee's claims can accrue during this time, the mediation process can be manipulated by Defendants to delay the filing of a claim. (*Id.*).

The mediation requirement does not render the ADR Policy substantively unconscionable. "Courts have regularly rejected challenges to . . . pre-arbitration grievance procedures that can be completed in a reasonable time," including a pre-arbitration procedure that imposed a forty-five day delay before arbitration could be initiated. *Coronado v. D.N.W. Houston, Inc.*, No. H-13-2179, 2015 WL 5781375, at *8 (S.D. Tex. Sept. 30, 2015) (citing *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 233–35 (3d Cir. 2012)). In the

---

[1] This seems to be a misreading of the ADR Policy, but I will respond to Plaintiff's argument as she made it.

absence of any case law provided by Plaintiff showing that pre-arbitration mediation procedures are substantive unconscionable, I do not find that the mediation procedure in this case is unenforceable.

Plaintiff argues that the second way that the ADR Policy shortens the statute of limitations for FLSA claims is through the interaction of the ADR Policy's mediation and arbitration provisions. (DE 25 at 5). The arbitration procedures in the ADR Policy dictate that, when a dispute is filed in court and that court orders the parties to arbitration pursuant to the ADR Policy, "the party seeking affirmative relief in this case must make the required filings with AAA within 45 days of the date of the court order, or the case shall be dismissed with prejudice." (DE 17-1 at 7). According to Plaintiff, this forty-five day cutoff interacts with the forty-five day mediation timeline in a way that shortens the statute of limitations for FLSA claims. Plaintiff seems to understand the two forty-five day timelines as occurring simultaneously, so that parties both have forty-five days to choose a mediator and forty-five days in which to file the arbitration. (DE 25 at 6). In Plaintiff's reading, then, any delays with the mediation that might prevent the arbitration from being filed within the same forty-five day period would result in dismissal with prejudice. (*Id.*).

Plaintiff misreads the ADR Policy. The mediation timeline does not affect the arbitration timeline, and vice versa. The lifespan of a covered dispute under the ADR Policy should go as follows: the parties mediate the dispute, and if mediation fails, they proceed to formal arbitration.[2] If a party attempts to bypass the mediation and arbitration procedures by filing the

---

[2] Defendants argue that the mediation and arbitration procedures can occur simultaneously. (DE 26 at 2). Under the terms of the ADR Policy, however, it seems as though the parties are bound to mediate before commencing arbitration: the ADR Policy states that "[i]f a dispute arises within the scope of this policy that was not resolved through consultation with Human Resources, the parties shall first submit the dispute or controversy to non-binding mediation." (DE 17-1 at 7). Whether mediation must occur before arbitration or can occur simultaneous to it, however, does not change my analysis here.

5

dispute directly in court and that court then orders the parties to arbitration, the party seeking relief has forty-five days in which to file the dispute with the AAA, or else the dispute will be dismissed with prejudice. The mediation timeline simply does not interact with the forty-five day cutoff under the arbitration policy in the way that Plaintiff describes.

Moreover, the ADR Policy explicitly states that statutes of limitations are applied as they would be in court. The ADR Policy states that "*[a]ll statutes of limitation that would be applied if the applicable dispute was filed in court of competent jurisdiction shall apply to disputes under this policy.* . . . Any case not submitted to Arbitration or filed in court *within the applicable statute of limitations or other applicable jurisdictional deadline* shall be subject to dismissal in accordance with applicable law. This provision is not intended to constitute a waiver of the obligations of the parties to submit disputes in accordance with this policy, but as a time limit for cases *not otherwise time-barred to be submitted to arbitration.*" (DE 17-1 at 8–9). Far from lessening the statute of limitations for FLSA claims, the ADR Policy explicitly adopts the statute of limitations as it would be applied by a court of competent jurisdiction. The ADR Policy does not shorten the statute of limitations in the way that Plaintiff describes, and is not substantively unconscionable. I therefore do need not to consider whether it is procedurally unconscionable. *See SA-PG Sun City Center, LLC v. Kennedy*, 79 So.3d 916, 921 (Fla. Dist. Ct. App. 2012).

**B. Collective actions**

Plaintiff next argues that the ADR Policy is not binding upon her because it expressly excludes collective actions such as this one. The ADR Policy states that:

> Associate understands that, notwithstanding anything to the contrary in the AAA Arbitration Rules, and in consideration for the relaxed standards of evidence and speed of arbitration proceedings, Associate and the Company agree to arbitrate any claims individually and further agree there shall be no class actions, collective actions, multi-plaintiff arbitrations, or class arbitrations of any claims within the scope of this Arbitration Policy. The arbitrator shall not have power to treat any

> claim as a class, collective, multi-plaintiff, or consolidated claim. This means that arbitration may only proceed on an individual basis.

(DE 17-1 at 9). Plaintiff argues that this language excludes collective or class actions from the purview of the ADR Policy, and thus allows any collective or class actions to be brought directly in court. (DE 25 at 10–11).

I do not think that the language quoted by Plaintiff (the "collective action paragraph") supports Plaintiff's assertion when read alone or in the context of the entire ADR Policy. When read by itself, the collective action paragraph states quite explicitly that "Associate and the Company agree to arbitrate any claims *individually*." It continues to state that "there shall be *no* class actions, collective action, multi-plaintiff arbitration, or class arbitrations *of any claims within the scope of this Arbitration Policy*." As I read it most naturally, this language does not exclude collective actions from the ADR Policy and allow them to proceed in court; rather, it prohibits them altogether. To that end, the collective action paragraph does not merely prohibit "multi-plaintiff arbitrations, or class arbitrations," but also prohibits "class actions [and] collective actions." If the ADR Policy only meant to exclude collective actions from its purview, it need only have stated that collective arbitrations were prohibited. The collective action paragraph goes beyond that, also prohibiting collective "actions." Unless "actions" is to have the same meaning as "arbitrations," which would make the list of prohibited actions quite duplicative, "multi-plaintiff arbitrations, or class arbitrations" and "class actions [and] collective actions" must refer to different things.

The collective action paragraph thus does not describe what types of actions are within the scope of the ADR Policy, but describes how the claims that are within the scope of that policy can proceed—individually. This understanding of the collective action paragraph is further supported when read within the context of the entire ADR Policy. The ADR Policy

7

describes the mediation and arbitration procedures in a linear fashion—beginning with jurisdiction and moving to procedural details, such as the location of the arbitration, the amount of depositions allowed, and settlement procedures. At the beginning of the descriptions of the mediation and arbitration procedures, the ADR Policy describes the scope of cases it covers. The collective action paragraph, however, is in the midst of the procedural detail, which would suggest that it clarifies how arbitration occurs. Moreover, the ADR Policy describes its scope as extremely broad and in fairly specific terms:

> If a dispute arises relating to an Associate's employment with the Company, including any suit naming the Company and/or any of the Company's directors, officers, managers, employees, and agents that cannot be resolved informally after consultation with Human Resources, we require any such dispute to be resolved and/or determined through the dispute resolution procedures set forth in this policy. This policy applies to all disputes arising from or related to hiring, compensation, benefits, promotion, working conditions, termination of employment, breach of contract, discrimination, harassment, retaliation, workers compensation retaliation, and any common law or statutory claims arising under state or federal law. This policy does not prohibit Associates from filing claims under workers' compensation and unemployment insurance statutes or administrative charges filed under the national Labor Relations Act, Title VII, or other governmental agency charges; however, civil complaints and/or appeals arising from such charges are still subject to this policy and must be mediated and/or arbitrated in accordance with the terms of this policy.

(DE 17-1 at 7). The ADR Policy not only lists twelve types of claims that it covers, but also lists five types of claims that employees are expressly allowed to bring. It does not list any types of actions that are excluded from the ADR Policy such that they can be brought in court rather than adjudicated through mediation or arbitration. Given the specificity with which the scope of the ADR Policy is defined, it stands to reason that if it intended to exclude an entire category of claims it would have done so only in the most unambiguous terms.

Even if the collective action paragraph is ambiguous about whether the ADR Policy covered collective actions, both state and federal law direct courts to construe "ambiguities as to

the scope of the arbitration clause . . . in favor of arbitration." *Volt Info. Sci., Inc. v. Bd. Of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989); *see also Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc.*, 661 So.2d 969, 971 (Fla. Dist. Ct. App. 1995) ("All questions concerning the scope or waiver of the right to arbitrate under contracts should be resolved in favor or arbitration rather than against it."). Accordingly, I do not find that collective actions are outside the purview of the ADR Policy.

Having decided that the ADR Policy is not unconscionable and that its terms cover this dispute, I find that it is enforceable. Because Plaintiff does not dispute that she entered into the arbitration agreement and does not argue that arbitration has been waived, I will compel arbitration

### C. Dismissal

The Parties also dispute whether, having found that the dispute should proceed to arbitration, dismissal of this case is appropriate. I find that it is not. The FAA provides that a court sending an issue to arbitration pursuant to a valid arbitration agreement "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added); *see also In re Managed Care Litig.*, No. 00-1334-MD, 2009 WL 855963, at *9–10 (S.D. Fla. Mar. 30, 2009) (determining that staying, rather than dismissing, case is appropriate). Accordingly, it is hereby

**ORDERED AND ADJUGED** that:

(1) Defendants Motion to Compel Arbitration (DE 17) is **GRANTED.** Plaintiff Olga Pyrinova and Defendants Lennar Corporation and Lennar Homes LLC shall arbitrate this matter consistent with the provisions set forth in the ADR Policy.

(2) The proceedings are hereby **STAYED**, and the Parties shall file a joint-status report within 14 days after the arbitration award is issued.

(3) The Clerk of Court shall administratively **CLOSE THIS CASE.**

(4) All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 29 day of October, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record